```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELODY M. JIMENEZ,

                    Plaintiff,

-against-

BANK OF NOVA SCOTIA; MARGARET WATSON, LITTLER MENDELSON, P.C.,

                    Defendants.

23-cv-7285 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that her former employer discriminated and retaliated against her on the basis of her race, color, and national origin. By order dated August 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    For the following reasons, the Court dismisses Defendant Margaret Watson from this action and directs service on Defendant Bank of Nova Scotia.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

A.   **Claims against Margaret Watson**

Plaintiff names Margaret Watson, an attorney employed by Littler Mendelson, P.C., as a defendant in this action. She cannot, however, bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII") against this defendant, because individuals are not subject to liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp*., 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998). Title VII only provides for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e– 2.

Nor can Plaintiff bring claims against Defendant Watson under 42 U.S.C. § 1981 or state law, such as the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL"). Although individuals may be held liable under § 1981, NYSHRL, or NYCHRL, Plaintiff does not allege that Defendant Watson was involved in any way in the alleged violations. *See Tolbert v. Smith*, 790 F.3d 427, 434 n.3 (2d Cir. 2015) (individuals may be held

2

liable under § 1981); *Feingold v. New York*, 366 F.3d 138, 157-59 (2d Cir. 2004) (individuals may be held liable under NYSHRL and the NYCHRL). According to documents attached to Plaintiff's complaint, Defendant Watson represented the Bank of Nova Scotia, Plaintiff's former employer, in administrative proceedings before the New York City Commission on Human Rights. Defendant Watson's representation of the Bank of Nova Scotia does not make her liable for the alleged violations of Plaintiff's rights.

Because Plaintiff does not allege any facts suggesting that Defendant Watson participated in the conduct giving rise to her discrimination and retaliation claims, she fails to state a claim against this defendant. Plaintiff's claims against Defendant Watson are therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Service on Bank of Nova Scotia**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Bank of Nova Scotia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Bank of Nova Scotia.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Margaret Watson. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully requested to terminate Defendant Watson.

The Clerk of Court is instructed to issue a summons as to Defendant Bank of Nova Scotia, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further instructed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   November 3, 2023
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Bank of Nova Scotia
250 Vesey Street
New York, NY 10281